```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
KENNETH CULPEPPER,

                        Plaintiff,
                                                ORDER
            -against-                           21-CV-6552(JS)(LGD)

JANE DOE #1, Correction Officer;
JOHN DOE #2, Cook Officer;
JOHN DOE #3, Kitchen Supervisor;
JOHN DOE #4, Court Officer;

                        Defendants.
-------------------------------------X
KENNETH CULPEPPER,

                        Plaintiff,

            -against-                           21-CV-6553(JS)(LGD)

ERROL D. TOULON, Jr., Sheriff;
JOHN DOE #1, Warden;

                        Defendants.
-------------------------------------X
KENNETH CULPEPPER,

                        Plaintiff,

            -against-                           21-CV-6704(JS)(LGD)

JANE DOE, Female Security Officer #1;
JANE DOE, Female E.S.U. Officer #2;
JOHN DOE, Male Security Officer #3;
JOHN DOE, Male Security Officer #4;
JOHN DOE, Male Security Officer #5;
JOHN DOE, Male E.S.U. Officer #6;

                        Defendants.
-------------------------------------X
```

```
APPEARANCES
For Plaintiff:        Kenneth Culpepper, pro se
                      223 Gunther Avenue
                      Bay Shore, New York 11706

For Defendants:       No appearances.
```

SEYBERT, District Judge:

Before the Court in the above-captioned 42 U.S.C. § 1983 cases filed by then-incarcerated pro se plaintiff Kenneth Culpepper ("Plaintiff") are three applications to proceed in forma pauperis ("IFP").  (See No. 21-CV-6552, ECF No. 2; No. 21-CV-6553, ECF No. 2; No. 21-CV-6704, ECF No. 2.)

Plaintiff filed the instant IFP applications while he was incarcerated at Willard Treatment Center, but since that time, Plaintiff has been released from custody.  (See No. 21-CV-6552, ECF No. 13; No. 21-CV-6553, ECF No. 12; No. 21-CV-6704, ECF No. 11.)  The Court finds this change in Plaintiff's circumstances requires him to update his financial disclosures in the IFP applications, which do not list any amounts for wages and income, nor any amounts for regular monthly expenses such as housing, transportation, utilities, and food.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's IFP applications in each of the above-captioned cases are **DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW upon completion of the AO 239 IFP long-form applications annexed to this Order.**  The

Clerk of Court is directed to enclose three (3) copies of the long-form, and **Plaintiff shall complete one long-form for each of his three cases. The completed long-form applications must be returned to the Court <u>by November 16, 2022</u>. Alternatively, Plaintiff may remit the $402 filing fee for each case <u>by November 16, 2022</u>**.

**<u>PLAINTIFF IS HEREBY ON NOTICE: Any failure to timely file the completed long forms or to remit the filing fees, absent a showing of good cause, may result in the dismissal of these cases pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>**

The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith, therefore, IFP status is DENIED for purposes of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order and three copies of the long-form IFP application to Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: October 26, 2022
       Central Islip, New York

3