```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
KENNETH CULPEPPER,

                    Plaintiff,

                                        MEMORANDUM AND ORDER
          -against-                     21-CV-6704(JS)(LGD)

JANE DOE FEMALE SECURITY OFFICER #1;
JANE DOE FEMALE E.S.U. OFFICER #2;
JOHN DOE MALE SECURITY OFFICER #3;
JOHN DOE MALE SECURITY OFFICER #4;
JOHN DOE MALE SECURITY OFFICER #5;
JOHN DOE MALE E.S.U. OFFICER #6,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Kenneth Culpepper, pro se
                    223 Gunther Avenue
                    Bay Shore, New York 11706

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Before the Court is the renewed application to proceed in forma pauperis ("IFP") (see IFP App., ECF No. 13) filed by pro se plaintiff Kenneth Culpepper ("Plaintiff") in relation to his civil rights Complaint filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). (See Compl., ECF No. 1.) For the reasons that follow, the Court GRANTS Plaintiff's IFP Application and DISMISSES the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1), for failure to allege a plausible claim for relief.

BACKGROUND[1]

Plaintiff filed his sparse Complaint while incarcerated at the Willard Drug Treatment Campus and has since been discharged. (See Compl., ¶ I; Not. of Change of Address, ECF No. 11.) Plaintiff complains about a strip search conducted on December 22, 2020 at the "Booking area" of the Suffolk County Correctional Facility (the "Jail"). (Id., ¶ II, and at 4.)

More specifically, Plaintiff alleges, in its entirety:

> I was a pre-trial detainee and I was subject to a humiliating strip frisk search by multiple female and male officers (Farmer v. Perrill, 288 F.3d 1254, 1260) (10th Circuit 2002) violating my 4th and 8th amendment right. (Peckham v. Wis. Dept. of Corr., 141 F.3d 694, 697 (7th Cir. 1998) stating 8th amendment protects you from unconstitutional strip searches. (Elliot v. Lynn, 38 F.3d 188, 191 (5th Cir. 1994), cf. Moore v. Corewell, 168 F.3d 234, 236 (5th Cir. 1999) holding that in absence of emergency or extraordinary circumstances, body cavity searches by an officer of opposite sex in view of other officers violates prisoner's constitutional rights (Thompson v. Souza, 111 F.3d 694, 700-01)(9th Cir. 1997).   Cf Byrd v. Moricopa County Sheriff's Dept., 629 F.3d 1135 (9th Cir. 2011) holding that strip searches by female officers of male prisoners violated the 4 amendment.

(Id., ¶ II, at 3-4.)  As a result, Plaintiff claims to have suffered "mental and emotional distress, anxiety, sleepless nights

---

[1]  Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

and depression." (Id., ¶ II.A, at 4.) Plaintiff also claims to "fear for my life of retaliation from these officer was given sleeping medication and pills for depression." (Id.) For relief, Plaintiff seeks to recover a damages award in the sum of $1 million. (Id., ¶ III, at 5.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's renewed IFP Application (ECF No. 13) is GRANTED.

II. Consideration of the Complaint Under 28 U.S.C. § 1915

A. Legal Standards

1. 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an IFP complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, among other things, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The

Court is required to dismiss the action as soon as it makes such a determination.  See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  "But the 'special solicitude' in pro se cases[] has its limits -- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

2.  Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at

least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Rodriguez v. Shoprite Supermarket</u>, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).  Plaintiff challenges the strip search allegedly conducted on December 22, 2020 as violative of his Fourth and Eighth Amendment rights. (Compl., ECF No. 1, ¶ II, at 3.)

    B.  <u>Application</u>

       1.  <u>Fourth Amendment Claims</u>

"[B]oth convicted prisoners and pretrial detainees[] retain some Fourth Amendment rights upon commitment to a corrections facility." <u>Bell v. Wolfish</u>, 441 U.S. 520, 558 (1979). "The Fourth Amendment prohibits only unreasonable searches." <u>Id.</u> Indeed, "[t]here is a long-established principle that the routine, random strip searches of inmates, including body cavity inspections, do not violate the Fourth Amendment." <u>Vaughn v. Strickland</u>, Nos. 12-CV-2696, 12-CV-2995, 12-CV-3333, 12-CV-3335, 2013 WL 3481413, at *4 (S.D.N.Y. July 11, 2013) (internal quotation omitted). "Nevertheless, 'the Fourth Amendment still requires all searches conducted within a prison, including strip searches, to be reasonable.'" <u>Id.</u> (quoting <u>Jean-Laurent v. Wilkerson</u>, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006), <u>aff'd</u>, 461 F. App'x 18 (2d Cir. 2012)). In determining the reasonableness of a search, courts

5

must "consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559.  In the setting of a jail or prison, "correctional officers must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," and deference must be given to such officers' judgment "unless there is 'substantial evidence' demonstrating their response to the situation is exaggerated." Florence v. Bd. of Chosen Freeholders of County of Burlington, 566 U.S. 318, 327 (2012) (citing Bell, 441 U.S. at 546).  "[D]espite the fact that visual strip searches are 'undoubtedly humiliating and deeply offensive to many,' prison officials may reasonably 'require all arrestees who are committed to the general population of a jail to undergo visual strip searches not involving physical contact by corrections officers.'" Vaughn, 2013 WL 3481413, at *5 (quoting Florence, 566 U.S. at 341 (Alito, J., concurring)).

Here, Plaintiff's thin allegations do not provide sufficient information concerning the challenged search to demonstrate a plausible Fourth Amendment claim.  Wholly absent are any factual allegations surrounding the circumstances of the search, making it impossible for the Court to assess its reasonableness.  (Compl., in toto.)  Indeed, there are no facts giving rise to an inference that the search was not reasonably

related to legitimate security interests.  Moreover, Plaintiff attributes no conduct or inaction to any particular individual Defendant.  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Accordingly, Plaintiff fails to state a claim that the challenged, isolated, search violated his rights under the Fourth Amendment; therefore, this claim is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

2.   Fourteenth Amendment Claims[2]

In addition to the protections of the Fourth Amendment, the Due Process Clause of the Fourteenth Amendment protects a pre-trial detainee from the use of excessive force that amounts to punishment, and from actions that are not rationally related to a legitimate nonpunitive government purpose or actions that are excessive in relation to that purpose.  See Kingsley v. Hendrickson, 576 U.S. 389, 397-400 (2015); Frost v. N.Y.C. Police Dep't, 980 F.3d 231, 251-52 (2d Cir. 2020).

Like his Fourth Amendment claim, Plaintiff's sparse

_____

[2]  Although Plaintiff alleges that these claims arise under the Eighth Amendment, given his status as a pre-trial detainee at the time of the challenged conduct, his claims are properly brought under the Fourteenth, rather than the Eighth, Amendment.  (See Compl., ECF No. 1, ¶ II., at 4.)

allegations here do not plausibly allege a Fourteenth Amendment excessive force claim.  To be sure, the Complaint is bereft of any facts suggesting that <u>any</u> force was used in the course of the alleged strip search.  Moreover, Plaintiff does not allege whether or not the search was visual; nor does he allege any physical injuries arising from the challenged search.  (<u>See</u> Compl., <u>in toto</u>.)  Thus, as is readily apparent, Plaintiff has not plausibly alleged a deprivation of his constitutional rights under the Fourteenth Amendment.  Accordingly, such claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b)(1).

3.  <u>Personal Involvement</u>

Even if Plaintiff had alleged a constitutional deprivation, which he has not, such claim would fail because he has not adequately alleged the personal involvement of any Defendant.  To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  <u>See</u> <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010). In <u>Ashcroft v. Iqbal</u>, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 556 U.S. 662, 676 (2009).  A complaint based

8

upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. See <u>Johnson v. Barney</u>, 360 F. App'x 199, 201 (2d Cir. 2010).

Moreover, in the instant case, although Plaintiff seeks to impose liability against five individual corrections officers, he includes no factual allegations of conduct or inaction attributable to any Defendant. (<u>See</u> Compl., <u>in toto</u>.) Accordingly, Plaintiff's claims against the Defendants are implausible for this additional reason. Thus, Plaintiff's Section 1983 claims against the Defendants are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

III. <u>Leave to Amend the Complaint</u>

A <u>pro se</u> plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of N.Y.</u>, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted); <u>see also</u> <u>Patel v. NYU Langone Hosps.</u>, No. 20-112, 2021 WL 4852426, at *4 (2d Cir. Oct. 19, 2021) (absent a finding of futility, a district court should afford a <u>pro se</u> litigant "at least one opportunity to amend his complaint to cure its shortcomings"). Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v.</u>

_Moritsugu_, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  In an abundance of caution, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT within thirty (30) days from the date of this Order.

If Plaintiff amends his Complaint and includes a claim that one or more Defendants violated his rights under the Fourth Amendment and/or Fourteenth Amendments, Plaintiff must include facts in his Amended Complaint that put each Defendant allegedly involved in the search on notice of what that Defendant allegedly did or failed to do that violated Plaintiff's rights.  If Plaintiff does not now know the identities of the individuals from whom he seeks relief, he may continue to name them as John Doe or Jane Doe.  However, he shall include descriptive information concerning each such individual Defendant including what each individual Defendant allegedly did or failed to do that allegedly deprived Plaintiff of a Constitutional right as well as the approximate date and location of such event.

Any Amended Complaint shall be clearly labeled "Amended Complaint", bear the same docket number as this Order, "Case No. 22-CV-6704(JS)(LGD)", and shall be filed within thirty (30) days from the date of this Order. **PLAINTIFF IS ON NOTICE:** If Plaintiff does not timely file an Amended Complaint, judgment shall enter without further notice and this case will be marked closed. Alternatively, Plaintiff is free to pursue any valid claims he may

have against any Defendant in state court.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's IFP Application (ECF No. 13) is **GRANTED;**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1);**

**IT IS FURTHER ORDERED that** Plaintiff is **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT** in accordance with this Order **within thirty (30) days from the date of this Order;** <u>**PLAINTIFF IS ON NOTICE**</u>**: Failure to timely file an Amended Complaint will lead to the entry of judgment without further notice and this case being closed;**

**IT IS FURTHER ORDERED** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith; therefore, IFP status is DENIED for purposes of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:   October 4, 2023
         Central Islip, New York

11